IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
PETER ECKERT,                    )
                                 )
          Plaintiff,             )   2:07-cv-00825-GEB-GGH
                                 )
     v.                          )   ORDER*
                                 )
CITY OF SACRAMENTO AND UNION     )
PACIFIC RAILROAD COMPANY,        )
                                 )
          Defendants.            )
                                 )
```

    Plaintiff Peter Eckert, who is legally blind, filed suit against the City of Sacramento (the City) in May 2007, alleging that the lack of detectable warnings at certain intersections in downtown Sacramento where railroad tracks cross the sidewalk violates the Americans with Disabilities Act (ADA) as well as provisions of the California Civil Code. (Compl. at 2.)  On January 23, 2008, Plaintiff filed a first amended complaint that named the City and Union Pacific Railroad Company (Union Pacific) as Defendants. (Docket No. 14.)  On July 17, 2009, Union Pacific moved for summary judgment on Plaintiff's claims.

---

    * This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

1

1  (Docket No. 52.)  Three days later, on July 20, 2009, the City filed a
2  motion in which it seeks leave to file an amended answer for the
3  purpose of alleging a crossclaim against Union Pacific.  (Docket. No.
4  59.)  For the reasons stated below, the City's motion for leave to
5  amend is DENIED and Union Pacific's motion for summary judgment is
6  GRANTED.
7  I.  City's Motion for Leave to Amend Answer
8      Plaintiff opposes the City's motion, arguing that allowing the
9  amendment would be prejudicial as discovery would need to be re-opened
10 and the trial date delayed.  (Pl.'s Opp'n. to City's Mot. for Leave to
11 Amend 1.)  Union Pacific also opposes the City's motion, arguing that
12 the City has failed to show good cause as required by Federal Rule of
13 Civil Procedure 16(b)(Rule 16).  (Union Pacific's Opp'n. to City's
14 Mot. for Leave to Amend 1.)  The City replies good cause justifies
15 granting its motion since the City reasonably relied on Union
16 Pacific's representations that the dispute could be resolved through
17 settlement.  (City's Reply to Union Pacific's Opp'n. 1.)
18      *A.  Standard For Amendment Under Rule 16*
19      Rule 16(b) provides that a pretrial scheduling order "may be
20 modified only for good cause and with the judge's consent."  FED. R.
21 CIV. P. 16(b)(4).  Therefore, after the issuance of a pretrial
22 scheduling order, a party seeking leave to amend a pleading must first
23 demonstrate that there is "good cause" to modify the scheduling order.
24 Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-8 (9th Cir.
25 1992).  Only if the moving party can show good cause to modify the
26 scheduling order is Rule 15's standard for amendment considered.  Id.
27 at 608.
28

1  "Good cause" for purposes of Rule 16 focuses on the diligence of
2  the party seeking to modify the pretrial scheduling order. Johnson,
3  975 F.2d at 609. "If [a] party was not diligent, the inquiry should
4  end." Id. A finding of carelessness is incompatible with a showing
5  of diligence and offers no grounds for granting relief. Id. While
6  prejudice to the opposing parties may supply an additional reason for
7  denying a motion to modify the scheduling order, Rule 16's inquiry
8  focuses on the moving party's reasons for seeking an amendment. Id.

   *B. Discussion*

   The pretrial scheduling order filed August 6, 2007 prohibited
amendment of pleadings absent leave of the court and a showing of
"good cause." (Docket No. 7.) The City, therefore, must satisfy Rule
16's good cause standard before this provision of the order can be
amended. The City, however, has not specifically moved for
modification of the no further amendment provision of the pretrial
scheduling order. Nonetheless, its motion will be considered a *de
facto* motion to amend the scheduling order. See Johnson 975 F.2d at
609.

   Union Pacific argues the City has not shown diligence to justify
allowing it to amend the pretrial scheduling order. Union Pacific
argues the City has known for at least two years of the facts and law
upon which its crossclaim is based. (Union Pacific's Opp'n. to City's
Mot. for Leave to Amend 5-6.) The City does not dispute this
assertion. Instead, the City rejoins that good cause exists as a
result of the City's reliance on Union Pacific's representations that
the matter could be resolved through settlement. The City argues
Union Pacific and the City were engaged in settlement discussions from
May 2008 until April 2009. (City's Mot. For Leave to Amend 3-4.)

1    Union Pacific entered this case as a Defendant on January 23,
2 2008. (Docket No. 14.)  The City filed an answer to the first amended
3 complaint on February 11, 2008 (Docket No. 16), raising as an
4 affirmative defense that it does not own or have control over the
5 portion of the sidewalk at issue. (City's Ans. to Am. Compl. 6:17-
6 19.)  Discovery closed on June 17, 2009 and the trial commencement
7 date is January 26, 2010. (Docket No. 27.)  Nonetheless, the City did
8 not seek leave to assert its crossclaim until it filed its motion to
9 amend its answer on July 20, 2009 - a year and a half after Union
10 Pacific was joined as a defendant in this action and three months
11 after settlement discussions with Union Pacific apparently collapsed.
12 (See City's Reply to Union Pacific's Opp'n. 2:21-23.)  Such delay
13 does not justify finding the City was diligent.
14    Moreover, ongoing settlement negotiations do not constitute good
15 cause justifying modification of the pretrial scheduling order in this
16 case.  See Brooks v. Eclipse Recreational Vehicles, Inc., 2009 WL
17 1616017, at *3 (D. Ariz. June 9, 2009)(finding that settlement
18 negotiations do not constitute good cause for purposes of Rule 16).
19 It is neither reasonable nor diligent to wait until settlement
20 negotiations have deteriorated before seeking leave to assert a
21 crossclaim.
22    The City also argues its crossclaims against Union Pacific are
23 compulsory and will be lost if not brought in this action. (City's
24 Reply to Pl.'s Opp'n. 2.)  However, the City has not shown that the
25 crossclaim it seeks to file is compulsory.  See Peterson v. Watt, 666
26 F.2d 362, 363 (9th Cir. 1982)(indicating crossclaims are permissive).
27 Even if the City is required to litigate the allegations it desires to
28 litigate against Union Pacific in a separate lawsuit, "Rule 16 and the

court's scheduling order are not optional directives; the court is bound by them. A loss of efficiency is the resultant price that the parties and the court must pay." L.H. v. Schwarzenegger, 2008 WL 268983, at *6 (E.D. Cal. Jan. 29, 2008).

   *C. Conclusion*

   Since the City was not diligent in seeking to modify the pretrial scheduling order and has not demonstrated good cause to do so, the City's motion is DENIED.

II. Defendant Union Pacific's Motion for Summary Judgment

   Union Pacific seeks summary judgment on Plaintiff's claims alleged against it in the first amended complaint. (Docket No. 51.) Plaintiff alleges claims against Union Pacific under Title III of the ADA, under California Civil Code § 51 (the "Unruh Civil Rights Act") and under § 54.1 (the "Disabled Persons Act"). (Docket No. 14.). Plaintiff filed a notice of his non-opposition to Union Pacific's motion, stating he "does not oppose the [m]otion." (Pl.'s Statement of Non-Opposition 2). The City, however, contests Union Pacific's motion with respect to Plaintiff's claim brought under § 54.1 of California's Disabled Persons Act. (See City's Opp'n. to Mot. for Summ. J. 2-3.) Union Pacific rejoins that the City does not have standing to oppose its summary judgment motion.

   *A. Discussion*

   Union Pacific raises a procedural question that has been infrequently addressed: "[i]n the absence of cross-claims, may one codefendant be the sole... opposition to another co-defendant's motion for summary judgment?" Blonder v. Casco Inn Residential Care, Inc., 2000 WL 761895, at *1 (D. Me. May 4, 2000). The Blonder Court answered the question in the negative, concluding that in the absence

5

of a crossclaim, a co-defendant lacks standing to oppose his co-defendant's motion for summary judgment. Id.

The Blonder court looked to the "principles underlying Rule 56," when concluding that the non-moving co-defendants lacked standing to oppose the motion, stating:

> Rule 56 is intended to avoid trial when appropriate and to bring about summary justice whenever legally proper. Requiring Plaintiff to prosecute her claims against [Defendants]... when she no longer believes such claims to be viable would be contrary to the principle of Rule 56 that trials... should be avoided when appropriate.

Id. The rationale of Blonder is persuasive, and other courts have come to the same conclusion. See Fraioli v. Lemcke, 328 F. Supp. 2d 250, 263 n.4 (D.R.I. 2004) ("[S]ince none of the defendants in this case have filed cross claims against each other, the defendants are not adverse parties who are entitled to object to each others' motions for summary judgment."); Dixon v. County of Alameda, 1997 WL 220311, at *6 n.8 (N.D. Cal. Apr. 18, 1997) (noting that co-defendant did not have standing to oppose co-defendant's motion for summary judgment); C.F. Bean Corp. v. Clayton Indus. Ltd., 1996 WL 470644, at *1(E.D. La. Aug. 19, 1996)(same).

Under the rationale of Blonder, since there is no crossclaim between the Defendants, Union Pacific and the City are not adverse parties and the City therefore does not have standing to oppose Union Pacific's motion for summary judgment. The City's arguments opposing Union Pacific's motion will therefore not be considered.

Moreover, even if the Court were to consider the City's arguments, it would not change the ultimate disposition of this motion. The City argues that Union Pacific's motion should be denied because the Plaintiff has a claim under § 54 of California's Disabled

Persons Act. (City's Opp'n. to Mot. For Summ. J. 2:14-28.) Plaintiff's first amended complaint, however, does not assert a claim against Union Pacific under § 54; his claim is based upon § 54.1. (Am. Compl., 9-10.)  The City also attempts to oppose the motion by disputing the ownership of the sidewalk at issue. (City's Opp'n. to Mot. For Summ. J. 5.)  The issue of ownership and control, however, is irrelevant for purposes of Plaintiff's claim under § 54.1.  Therefore, the City has failed to demonstrate that there is a genuine issue of material fact that precludes summary judgment on Plaintiff's claim under § 54.1.

   B.  *Conclusion*

   Since Union Pacific has demonstrated the absence of a genuine issue of material fact with respect to the claims brought against it and the Plaintiff does not object, Union Pacific's motion for summary judgment is GRANTED.

III.  Conclusion

   For the reasons stated above, the City's motion for leave to amend its answer is DENIED and Union Pacific's motion for summary judgment is GRANTED.

Dated:  September 29, 2009

                    _____
                    GARLAND E. BURRELL, JR.
                    United States District Judge